Clay M. BISHOP, d/b/a New Hyden Coal Company, et al., Appellants,

v.

NON–MARINE UNDERWRITERS AT LLOYDS, LONDON, Subscribers to Certificate No. U–2501–K, Appellees.

Court of Appeals of Kentucky.

May 15, 1964.

Roy W. House, Clay M. Bishop, Manchester, for appellants.

T. T. Burchell, Manchester, for appellees.

CULLEN, Commissioner.

Appellee, Non-Marine Underwriters at Lloyds, London, paid two workmen's compensation awards, one in favor of Elihu Smith and the other in favor of Joseph Steele, after the awards had been reduced to judgment in accordance with KRS 342.-305, and took assignments of the judgments. Appellee then brought action against appellant Clay M. Bishop, d/b/a New Hyden Coal Company and d/b/a Vanda Coal Company, who was the employer against whom the awards had been made, to recover the amounts paid in satisfaction of the awards. Judgment was entered in favor of appellee and Bishop has appealed.

Bishop had a self-insurance program for workmen's compensation liability with Non-Marine Underwriters, under which the Underwriters were, in substance, merely sureties for Bishop, with the right to be indemnified by him for claims up to a certain total amount. The indemnity contract gave the Underwriters the right to control the conduct of proceedings on compensation claims against Bishop. The defense asserted by Bishop in the instant action was that the Underwriters had acted fraudulently, in bad faith, and in collusion with the claimants, in the handling of the Smith and Steele claims. A further defense (in the nature of an offset) was asserted that the Underwriters had handled compensation claims of other employes of Bishop's fraudulently and in bad faith and in so doing had paid out improperly moneys that Bishop had placed on deposit with the Underwriters. The circuit court found that the evidence did not sustain these defenses.

■ As concerns the Elihu Smith claim, the record shows that it was fully and thoroughly litigated before the Workmen's Compensation Board. The referee ruled against the claim on the ground that Smith did not have the back injury claimed by him, but on full board review, after receiving the report of a disinterested physi-

cian, the board awarded compensation for 40 percent permanent disability. Bishop maintains that Smith was a malingerer, and that the Underwriters, as demanded by him, should have appealed the award to the circuit court. He offered nothing to back up his allegation of fraud, bad faith and collusion other than the simple fact that the Underwriters refused to appeal the award. It appears from the record that the case was adequately and competently presented before the board by competent attorneys, and that there was medical testimony to support the award. There is nothing to indicate that the probability of obtaining a reversal of the award by the circuit court was so great as to indicate even bad judgment by the Underwriters in refusing to take an appeal, much less fraud, bad faith or collusion. We agree with the finding of the lower court that the evidence does not sustain the pleaded defense as to the Smith award.

With respect to the Joseph Steele award the evidence is very skimpy. It appears that his claim was settled by the Underwriters and an award was entered on the settlement agreement. Bishop testified that "I asked them [the Underwriters] to please take this case up because they could win the case." His belief that "they could win the case" seems to have been based on the fact that Steele on several occasions had come to Bishop's office drunk, and he believed Steele probably was drunk when he sustained the injury for which compensation was awarded. The evidence falls far short of showing fraud, bad faith, collusion, or even a mistake of judgment, in the settlement of Steele's claim. Again we agree with the finding of the trial court.

Bishop's claim that the Underwriters had paid claims of other employes fraudulently or in bad faith was supported only by his generalization to the effect that the Underwriters had "failed to prosecute" those claims. Testimony of an agent for the Underwriters showed that some of those claims were litigated to a conclusion before the Workmen's Compensation Board,

and that others which were settled had sufficient substance to justify settlement. The trial court was fully warranted in finding that the evidence did not prove fraud or bad faith.

 Almost one year after he had filed his answer in the instant action, Bishop tendered an amended answer and counterclaim asserting claims against the plaintiff for certain insurance commissions which Bishop alleged the plaintiff owed him as an agent. The court never ruled on Bishop's motion to permit the filing of this pleading. We think it was incumbent on him to insist on a ruling. If the court's failure to rule be treated as a denial of the motion the denial could not be considered erroneous, because of the long delay in tendering the pleading.

The judgment is affirmed.